UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON LEE SCROGGIN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-626-RLM-MGG |
| QUINTEN DAVIS, et al., | |
| Defendants. | |

OPINION AND ORDER

Brandon Lee Scroggin, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 about an alleged use of excessive force on May 21, 2020, at Westville Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Scroggin alleges that he started a hunger strike on May 20, 2020, to call attention to unaddressed grievances. He was taken to the captain's office the next day to discuss his concerns. Officer Motsenhagen and Officer Quinten Davis accompanied him back to his cell. When they got there, he found that Officer Labarski had put two food trays in his cell. Mr. Scroggin asked for the trays to be removed, but

Officer Davis replied, "No. You['re] startin' your lil hunger strike all over again. Now you['re] gonna learn the hard way." When Mr. Scroggin again protested the unwanted food trays, Officer Davis asked Officer Motsenhagen for the tether attached to Mr. Scroggin's restraints, then grabbed Mr. Scroggin by the handcuffs and ran his forehead straight into the concrete wall and yanked up on the handcuffs. Mr. Scroggin felt something break, and a sharp pain ran through his whole hand and wrist. Officer Davis reached his other hand around and squeezed Mr. Scroggin's penis really hard through his jumpsuit. Mr. Scroggin was in pain and dizzy. He asked to see a nurse, but both officers left without getting him help. Officer Labarski saw all this, but when Mr. Scroggin asked him to get him a nurse, he didn't get one. Mr. Scroggin says Sergeant Shawna Brown could see and hear everything from where she was in the "bubble," located in the middle of the pods, but also didn't get medical aid. Officer Motsenhagen denied Mr. Scroggin's request for a nurse again when he was on rounds later that day.

Mr. Scroggin states a claim upon which relief can be granted against Officer Davis for excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[W]hether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312,

2

320-321 (1986) (quotation marks and citation omitted). "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights . . .." Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012). Mr. Scroggin's complaint plausibly alleges that Officer Davis violated the Eighth Amendment when he slammed Mr. Scroggin's face into the wall, injured his hand, and grabbed his penis.

Mr. Scroggin states a claim upon which relief can be granted against Officer Motsenhagen for failure to intervene. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable under § 1983. Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). Officer Motsenhagen was allegedly in the cell during Officer Davis' use of force, and it can be reasonably inferred that he could have stopped it.

Mr. Scroggin states a claim upon which relief can be granted against Officer Davis, Officer Motsenhagen, Officer Labarski, and Sergeant Brown for denial of medical care. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the

3

necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Taking the complaint's allegations as true, all of these officers were in or around Mr. Scroggin's cell when he was injured, so it can be reasonably inferred that they aware of the extent of his injuries and need for prompt medical attention.

Mr. Scroggin claims that the food trays and the assault were all part of a conspiracy among the defendants to retaliate against him for his hunger strikes and a lawsuit he filed against them. To state a First Amendment retaliation claim, Mr. Scroggin must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted).

Mr. Scroggin can't proceed on a retaliation claim because he hasn't satisfied the second element of the claim. The court looks at "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020). Taunting an inmate just beginning a hunger strike with food might be childish, but

4

it's not adverse enough to deter a person of ordinary firmness from engaging in future First Amendment activity. "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009) (quoting Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982)). The assault is essentially the driving force behind the retaliation claim, but the facts underlying the assault also form the basis for Mr. Scroggin's excessive force claim. Proceeding on different constitutional theories based on the same facts is redundant. *See* Hambright v. Kemper, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and Graham v. Connor, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection"). The Eighth Amendment is the most explicit constitutional provision for Mr. Scroggin's claim.

Mr. Scroggin also alleges that the defendants violated his constitutional rights by intercepting and reading a complaint he sent to the law library for e-filing in federal court. This doesn't state a claim upon which relief can be granted. Mr. Scroggin's complaint isn't entitled to special protection as "legal mail" because, for constitutional purposes, that term is limited to "privileged mail to or from an attorney." Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). Filings to and

5

from a court generally are public documents and entitled to no particular special protections. *See id.* at 1431 ("[P]rison employees can open official mail sent by a court clerk to an inmate without infringing on any privacy right."); *see also* Guajardo-Palma v. Martinson, 622 F.3d 801, 804 (7th Cir. 2010) ("Most such communications [between courts and prisoners] are public documents, which the prison officials have as much right to read as the prisoner . . . ."(internal citations omitted)).

The First Amendment protects prisoner mail. But a one-time, non-content based interference with mail, unrelated to prison regulations, doesn't state a First Amendment claim upon which relief can be granted. Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999); *see also* Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment.").

As for a potential Fourteenth Amendment claim for denial of access to the court, Mr. Scroggin must show that the defendants' intercepting and reading his complaint harmed him. A prisoner's "right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). He must show that actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996). The only result to Mr. Scroggin of the defendants' alleged conduct was a two-day delay in filing the lawsuit that didn't prejudice the lawsuit.

For these reasons, the court:

6

(1) GRANTS Brandon Lee Scroggin leave to proceed against Officer Quinten Davis in his individual capacity for compensatory and punitive damages for slamming Mr. Scroggin's face into the wall, injuring his hand, and grabbing his penis on May 22, 2020, in violation of the Eighth Amendment;

(2) GRANTS Mr. Scroggin leave to proceed against Officer Motsenhagen in his individual capacity for compensatory and punitive damages for not intervening to stop Officer Davis' use of excessive force on May 22, 2020, in violation of the Eighth Amendment;

(3) GRANTS Mr. Scroggin leave to proceed against Officer Quinten Davis, Officer Motsenhagen, Officer Labarski, and Sergeant Shawna Brown in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical needs following the use of force on May 22, 2020, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Gary Lewis and Kenneth Reed;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Quinten Davis, Officer Motsenhagen, Officer Labarski, and Sergeant Shawna Brown at the Indiana Department of Correction and to send them a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant who does not waive service, if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Quinten Davis, Officer Motsenhagen, Officer Labarski, and Sergeant Shawna Brown to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 30, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
