UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON LEE SCROGGIN,<br><br>   Plaintiff,<br><br>   v.<br><br>QUINTEN DAVIS, *et al.*,<br><br>   Defendants. | CAUSE NO. 3:20-CV-626-RLM-MGG |

OPINION AND ORDER

Brandon Lee Scroggin, a prisoner without a lawyer, is proceeding in this case on three Eighth Amendment claims against four defendants. First, he proceeds against Officer Quinten Davis "for compensatory and punitive damages for slamming Mr. Scroggin's face into the wall, injuring his hand, and grabbing his penis on May 22, 2020[.]" ECF 9 at 7. Second, he proceeds against Officer Motsenhagen "for compensatory and punitive damages for not intervening to stop Officer Davis' use of excessive force on May 22, 2020[.]" *Id.* Third, he proceeds against Officer Davis, Officer Motsenhagen, Officer Lobarski, and Sergeant Shawna Brown "for compensatory and punitive damages for deliberate indifference to his serious medical needs following the use of force on May 22, 2020[.]" *Id.* The defendants filed a motion for summary judgment, arguing Mr. Scroggin didn't exhaust his administrative remedies before filing suit. Mr. Scroggin filed a response, and the defendants filed a reply. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust

is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

In their summary judgment motion, the defendants argue Mr. Scroggin didn't exhaust his administrative remedies because, while he submitted a formal grievance regarding the conduct alleged in his complaint, he never appealed the grievance after it was rejected. The defendants provide evidence that Mr. Scroggin submitted Grievance 160117 on May 22, 2020, complaining that prison staff assaulted him in retaliation for going on a hunger strike and then refused

3

to provide him medical treatment. Mr. Scroggin handwrote "Emergency Grievance" at the top of the grievance form. On July 30, 2020, the grievance office returned Grievance 160117 as unfiled because it was "unfounded and frivolous" based on four investigations into Mr. Scroggin's allegations. The grievance office also warned Mr. Scroggin he could be disciplined for filing an emergency grievance in bad faith. Mr. Scroggin didn't appeal the grievance office's rejection of Grievance 160117.

Mr. Scroggin agrees he didn't appeal the grievance office's rejection of Grievance 160117, so the court therefore accepts that as undisputed. Instead, Mr. Scroggin argues the administrative remedies were unavailable to him because the grievance office returned Grievance 160117 as unfiled. The defendants reply that Mr. Scroggin was required to appeal "[t]he denial of the emergency grievance designation" within one business day. The Offender Grievance Process provides "[t]he action on any emergency grievance may be appealed by the offender within one (1) business day of receiving the response," and that "[t]he determination that a grievance is not an emergency may be appealed through the normal grievance procedures[.]" ECF 22-2 at 4. But the "Return of Grievance" form didn't inform Mr. Scroggin his grievance was being returned because it was improperly designated as an emergency; it said the grievance was being returned because it was "unfounded and frivolous" based on four investigations into his allegations. *Id.* There is no evidence the Offender Grievance Process provided any mechanism for Mr. Scroggin to appeal the grievance office's rejection of his grievance as "unfounded and frivolous." The

4

defendants haven't shown Mr. Scroggin had an available remedy to appeal the rejection of Grievance 160117.

Moreover, while being "unfounded and frivolous" could be a reason for denying a grievance, it doesn't appear a reason for rejecting it. The Indiana Department of Correction Grievance Policy only requires:

> Each completed State Form 45471, "Offender Grievance," must meet the following standards:
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall raise the same issue that the offender raised in trying to get the informal resolution and document the attempts at informal resolution;
> 5. It shall relate to only one event or issue;
> 6. It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical, language, or other problem;
> 7. It shall explain how the situation or incident affects the offender; and,
> 8. The offender shall suggest appropriate relief or remedy.

ECF 22-2 at 9. Grievance 160117 appears to comply with each of these requirements. Because the grievance office improperly rejected Grievance 160117 and the defendants haven't shown Mr. Scroggin had an available remedy to appeal that rejection, the defendants haven't met their burden to show Mr. Scroggin failed to exhaust an available remedy.

The defendants also argue Mr. Scroggin didn't exhaust his administrative remedies as to his claims against Officer Lobarski and Sergeant Brown because Grievance 160117 didn't specifically mention their conduct. Mr. Scroggin complained in Grievance 160117 that prison officials refused his requests for

5

medical attention after the use of force on May 22, 2020, which put the prison on notice that Mr. Scroggin was complaining of Officer Lobarski and Sergeant Brown's alleged conduct. *See* Maddox v. Love, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it). The Offender Grievance Process didn't require Mr. Scroggin to specifically name each officer involved in the conduct. The defendants haven't shown that Mr. Scroggin failed to exhaust his claims against any of the defendants.

For these reasons, the court DENIES the defendants' summary judgment motion (ECF 22).

SO ORDERED this December 15, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT